IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAROLD OLENDA PEAGLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv592-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 4) addressing the applicability of the one-year period of limitation in this case. The government argues that the petitioner's § 2255 motion, which was filed on or about July 9, 2012, is untimely under 28 U.S.C. § 2255(f)[1] and is therefore due to be dismissed.

The record reflects that on October 11, 2006, the petitioner pled guilty to various

---

[1] Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period begins from the latest date of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

federal firearms-related offenses. He was sentenced on February 1, 2007, to 120 months in prison. Judgment was entered by the district court on February 2, 2007. The petitioner appealed, and on August 3, 2007, the Eleventh Circuit affirmed his convictions and sentence. The mandate of the appellate court was issued on September 4, 2007. The petitioner did not seek certiorari review in the United States Supreme Court. By operation of law, then, the petitioner's conviction became final on November 2, 2007, i.e., 90 days after the Eleventh Circuit's issuance of its August 3, 2007, opinion.[2] Thus, the petitioner had until November 2, 2008, to file a § 2255 motion that was timely under the provisions of § 2255(f)(1).

The petitioner did not file his § 2255 motion until July 9, 2012. He argues, however, that he is entitled to retroactive application of the United States Supreme Court's holdings in *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), which he says would render his § 2255 motion timely under the provisions of § 2255(f)(3). *Lafler* and *Frye*, which were decided on March 21, 2012, recognized that the Sixth Amendment guarantees the right to effective assistance of counsel during the plea-bargaining process. *See* 132 S.Ct. at 1384; 132 S.Ct. at 1405. The petitioner claims that his trial counsel was ineffective in plea negotiations because he prevented the petitioner from consenting to a plea agreement drafted by the Government that provided for a sentence more favorable than the one he actually received. The petitioner's contentions notwithstanding, the Eleventh Circuit, in *In Re Perez*, 682 F.3d 930 (11th Cir. 2012), found

---

[2] A judgment of conviction becomes final for a defendant who appeals to an appellate court when the 90-day period for seeking certiorari review in the Supreme Court expires.

that neither *Lafler* nor *Frye* applies retroactively. 682 F.3d at 932-33. As such, it appears that the petitioner's § 2255 motion cannot be considered timely under § 2255(f)(3).[3]

For the reasons indicated above, it appears to this court that the one-year period of limitation contained in 28 U.S.C. § 2255(f) expired well before the petitioner filed his § 2255 motion. Accordingly it is

ORDERED that on or before August 27, 2012, the petitioner shall show cause why his § 2255 motion should not be dismissed as it was not filed within the applicable one-year limitation period.

Done this 6th day of August, 2012.

        /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] Nor does it appears that either subsection (2) or (4) of § 2255(f) applies to the petitioner's motion.