IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAROLD OLENDA PEAGLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv592-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On April 19, 2012, federal inmate Harold Olenda Peagler ("Peagler") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 1. Peagler challenges his 2006 guilty-plea convictions and resulting sentence for various federal firearms offenses. The government argues that Peagler's § 2255 motion is time-barred because it was filed after expiration of the one-year limitation period. Doc. No. 4. The court concludes that the government is correct and that the § 2255 motion should be denied because it was not filed within the time allowed by federal law.

**II.  DISCUSSION**

The timeliness of Peagler's § 2255 motion is governed by 28 U.S.C. § 2255(f). That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction

> becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On October 12, 2006, Peagler pled guilty to two counts of being a felon in possession of a firearm and one count of being a felon in possession of ammunition, all in violation of 18 U.S.C. § 922(g)(1). On February 1, 2007, the district court sentenced Peagler to 120 months in prison. Judgment was entered by the district court on February 5, 2007.

Peagler appealed, and on August 3, 2007, the Eleventh Circuit issued an opinion affirming his convictions and sentence. *United States v. Peagler*, 238 Fed. App'x 577 (11th Cir. 2007). The mandate of the appellate court was issued on September 4, 2007. Peagler did not seek certiorari review in the United States Supreme Court. By operation of law, his conviction became final on November 2, 2007, 90 days after the Eleventh Circuit's issuance of its August 3, 2007, opinion.[1] Under 28 U.S.C. § 2255(f)(1), Peagler had until November

---

[1] A judgment of conviction becomes final for a defendant who appeals to an appellate court (continued...)

3, 2008, the first business day after November 2, 2008, to file a timely § 2255 motion. His § 2255 motion filed on April 19, 2012, is untimely under § 2255(f)(1).

Peagler contends he is entitled to retroactive application of the United States Supreme Court's holdings in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012), which he says renders his § 2255 motion timely under 28 U.S.C. § 2255(f)(3).[2] *Lafler* and *Frye*, both of which the Supreme Court decided on March 21, 2012 (less than a year before Peagler filed his § 2255 motion), recognized that the Sixth Amendment guarantees a defendant the right to effective assistance of counsel during the plea-bargaining process. *See* 132 S.Ct. at 1384; 132 S.Ct. at 1405. Peagler alleges that his trial counsel was ineffective in plea negotiations because he prevented Peagler from consenting to a plea agreement drafted by the Government that provided for a more favorable sentence than the one he received.

Notwithstanding Peagler's attempt to "restart" the limitation period via § 2255(f)(3), the Eleventh Circuit has recognized that neither *Lafler* nor *Frye* applies retroactively. *See In Re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012). In *Perez*, the Eleventh Circuit held *Lafler* and *Frye* did not set forth new rules of constitutional law because those cases are

---

[1](...continued)
when the 90-day period for seeking certiorari review in the Supreme Court expires. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003); *Kaufman v. United States*, 282 F.3d 1336, 1337-3 (11th Cir. 2002); *see* Sup.Ct.R. 13(1) and (3).

[2] Section 2255(f)(3) provides for the one-year limitation period to start the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

"merely an application of the Sixth Amendment right to counsel, as defined in *Strickland [v. Washington*, 466 U.S. 668, 686 (1984)], to a specific factual context." 682 F.3d 930 at 932. The court in *Perez* concluded, "[B]ecause we cannot say that either *Lafler* or *Frye* 'breaks new ground or imposes a new obligation on the State or Federal Government,' they did not announce new rules." *Id*. at 933. Because the Supreme Court in *Lafler* and *Frye* recognized no new constitutional right, those decisions are not retroactive and there is no basis for restarting the limitation period under § 2255(f)(3). Therefore, § 2255(f)(3) does not control the limitation period for Peagler to file his § 2255 motion.

Finally, Peagler argues that, under *Holland v. Florida.*, 560 U.S. 631 (2010), he is entitled to equitable tolling of the limitation period because, he says, his appellate counsel never notified him that the Eleventh Circuit affirmed his convictions and sentence on August 3, 2007. Doc. No. 8 at 1-2. According to Peagler, his attorney's failure to notify him of the Eleventh Circuit's decision prevented him from seeking certiorari review in the Supreme Court. *Id*. at 2.

The limitation period in federal habeas proceedings (28 U.S.C. §§ 2254 and 2255) may be equitably tolled on grounds apart from those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). In *Holland*, cited by Peagler, the Supreme Court confirmed that the limitation is subject to equitable tolling where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

4

prevented timely filing." 560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Peagler falls far short of demonstrating he exercised the diligence required to merit equitable tolling. Peagler appealed to the Eleventh Circuit shortly after his February 1, 2007, sentencing. The Eleventh Circuit affirmed his convictions and sentence on August 3, 2007. Peagler alleges no facts indicating any efforts on his part to keep abreast of his appeal from the time it was filed until filing his § 2255 motion. He does not assert that he ever attempted to contact his appellate counsel or the Eleventh Circuit to determine the status of his appeal. He makes no claim he received any assurances of notification from his appellate counsel or the appellate court. The record shows that he filed his § 2255 motion over five years after he took his direct appeal. "Equitable tolling is not intended as a device to rescue those who inexcusably sleep upon their rights." *United States v. Ramos-Maritinez*, 638 F.3d 315, 323 (1st Cir. 2011). Peagler's lack of diligence precludes equitable tolling. *See Pace*, 544 U.S. at 419.

Because Peagler did not file his § 2255 motion until April 19, 2012, his motion is time-barred and this court may not address the merits of his claims.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 9, 2014.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 26th day of August, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE